**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 2576, 2577 & 2578<br>Hearing Date: April 11, 2024 at 11:00 a.m. (ET) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL*., TO DEBTORS' THIRD, FOURTH, AND FIFTH OMNIBUS (SUBSTANTIVE) OBJECTIONS TO PROOFS OF CLAIM FOR WARN LIABILITY**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this statement (the "Statement") regarding: (i) *Debtors' Third Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2576] (the "Third WARN Objection"); (ii) *Debtors' Fourth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2577] (the "Fourth WARN Objection"); and (iii) *Debtors' Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2578] (the "Fifth WARN Objection" and, together with the Third WARN Objection and Fourth WARN Objection, the "Objections"). In support of this Statement, the Committee respectfully states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**STATEMENT**

1. By the Objections and related declarations and exhibits,[2] the Debtors challenge approximately 1,300 claims seeking over $1 billion for alleged violations of the federal Worker Adjustment and Retraining Notification (WARN) Act and state and local analogs (such claims, the "WARN Claims"). The WARN Act generally requires that an employer provide 60 days' notice to its employees (or their representatives) and certain state officials of pending mass layoffs or plant closings. *See* 29 U.S.C. § 2102(a). Here, the Debtors acknowledge that they did not provide 60 days' notice of the mass layoffs associated with the shutdown of their businesses, but they argue (among other things) that there should be no WARN Act liability because the notice they ultimately provided to employees in late July 2023 was sufficient, and any failure to provide notice earlier was excused under legally-recognized exceptions.

2. The Committee has thoroughly reviewed the Objections and authorities cited therein, and, based on its review, believes that the Debtors have articulated a compelling legal basis to disallow in their entirety—or substantially reduce—the WARN Claims. The Committee's views are similarly informed by the facts and evidence currently available to the Committee. However, the Committee understands that the question of whether the relevant WARN Act exceptions should be employed to eliminate or reduce the Debtors' WARN Act exposure under applicable law will require a fact-intensive inquiry into the events surrounding the shutdown of the Debtors'

---

[2] *See Declaration of Brian Whittman in Support of Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2579] (the "Whittman Declaration"); *Declaration of Cody Leung Kaldenberg in Support of Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2580] (the "Kaldenberg Declaration"); *Declaration of Darren Hawkins in Support of Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2581] (the "Hawkins Declaration"); and *Declaration of Sarah Statlander in Support of Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [ECF No. 2582] (the "Statlander Declaration").

businesses and the eventual commencement of these cases. Given that no discovery has been taken to date and no responses to the Objections have yet been filed, the Committee is unable at this time to determine the precise scope of the Debtors' WARN Act liability, if any. The Committee intends, however, to participate fully in discovery to further crystalize its views on the appropriate scope of WARN Act liability, and to keep an open dialogue with the Debtors and claimants to explore whether a consensual resolution of the Objections might be obtained.

3. It should be noted, however, that even with the incomplete factual record at this stage, the Committee believes that the Debtors' actual WARN Act liability will be significantly less than the total asserted claims. For example, the facts known to date suggest that WARN Act Claims should be materially reduced because the circumstances surrounding the Debtors' loss of customers in July 2023 were not "reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A). In the Third Circuit, the federal WARN Act is not triggered until a mass layoff becomes ***probable***, rather than possible. *In re AE Liquidation, Inc.*, 866 F.3d 515, 530 (3d Cir. 2017). In articulating this standard, the Third Circuit recognized that an employee's interest in receiving the protections of the WARN Act must be balanced against the risk of posing an impracticable burden that would require employers to provide premature WARN notices. *Id.* (noting that premature notices have "the potential to accelerate a company's demise and necessitate layoffs that otherwise may have been avoided"). Here, the record suggests that the complete shutdown of the Debtors' business was not remotely foreseeable, let alone probable, 60 days before the Debtors' employees were let go. *See, e.g.,* Third WARN Objection ¶¶ 93-100. While the precise moment the mass layoff became probable, if ever, requires a more developed factual record, given the sudden decline in the Debtors' shipments in the second half of July 2023,

it is plausible that notice could not reasonably have been given any sooner than when the Debtors provided it on or around July 31, 2023.[3]  *See* Third WARN Objection ¶¶ 99, 105-07.

4. Other exceptions to WARN Act liability as discussed in more detail in the Objections may apply as well.  For example, it appears that the faltering company exception may apply because (i) the Debtors were "actively seeking capital or business" during the time notice would have otherwise been required, (ii) such capital or business may have postponed or delayed the shutdown, and (iii) providing notice would have precluded the Debtors' ability to obtain such capital or business.  29 U.S.C. § 2102(b)(1); *see, e.g.,* Third WARN Objection ¶¶ 79-88.  The development of the factual record may also support the application of the "good faith" exception to the WARN Act.  29 U.S.C. § 2014(a)(4).[4]

[*Remainder of page intentionally left blank*]

---

[3] The Committee takes no position on the Debtors' allegations involving the International Brotherhood of Teamsters ("IBT"), and the Committee's statements regarding the foreseeability of the Debtors' layoffs should not be construed as an endorsement of any of the Debtors' statements regarding the IBT, including before this Court or in the recently dismissed litigation in the United States District Court for the District of Kansas, *Yellow Corporation,, et al. v. International Brotherhood of Teamsters, et al.*, 23-cv-01131 (D. Kan.).

[4] For the avoidance of doubt, the arguments discussed in this Statement are intended to be illustrative rather than exhaustive, and other arguments raised by the Debtors in the Objections may further limit or eliminate WARN Act liability.

5. This Statement is submitted without prejudice to, and with a full reservation of, the Committee's rights, claims, defenses and remedies, including the right to amend, modify, or supplement this Statement, to seek discovery, and to introduce evidence at any hearing relating to the WARN Claims, the Objections, or this Statement and without in any way limiting any other rights of the Committee to take any further action with regard to the Objections or WARN Claims, on any grounds, as may be appropriate.

Date: March 26, 2024
Wilmington, Delaware

**BENESCH, FRIEDLANDER,**
    **COPLAN & ARONOFF LLP**

 /s/ John C. Gentile
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail:   jhoover@beneschlaw.com
        kcapuzzi@beneschlaw.com
        jgentile@beneschlaw.com

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
      mlahaie@akingump.com
      kzuzolo@akingump.com

*Counsel to the Official Committee of Unsecured Creditors*