**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, *et al.* | ) | Case Nos. 23-11069 (CTG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Ref. D.I. 2784 |

**STATEMENT OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE and INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS TO COUGHLEN WARN PLAINTIFFS' RESPONSE TO DEBTORS' THIRD, FOURTH, AND FIFTH OMNIBUS (SUBSTANTIVE) OBJECTIONS TO PROOFS OF CLAIM FOR WARN LIABILITY**

The International Brotherhood of Teamsters ("IBT") and Teamsters National Freight Industry Negotiating Committee ("TNFINC") its affiliated local unions, and its members, (collectively, "Teamsters"), and The International Association of Machinists and Aerospace Workers ("IAM"), its affiliated local lodges, and its members (collectively, "Machinists" and with the Teamsters, the "Unions") by and through their undersigned counsel, hereby files this statement ("Statement") regarding *Coughlen WARN Plaintiffs' ("Coughlen et al.") Response to Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objections to Proofs of Claim For WARN Liability*, [D.I. 2784]. In support of this Statement, the Teamsters respectfully state as follows:

1. By its above referenced response, the *Coughlen et al.* Plaintiffs argue individual Union claimants have standing to maintain WARN Act claims against Yellow Corporation and its subsidiaries (collectively, "Debtors") independent of the Unions' representation. At the same time the *Coughlen et al.*, Plaintiffs have argued that their attorneys, Hearn Law Firm, PLLC and

1

Morris James LLP, should be appointed as interim co-lead counsel with respect to all WARN Act claims.[1] For the reasons set forth below, the Teamsters and Machinists believe Union members' *individualized* right to counsel does not lead to the conclusion that a class action of unionized employees is necessary or appropriate, or that appointment of interim co-lead counsel makes sense when unionized employees interests' are already represented by the Unions.

2. The Teamsters and Machinists are creditors of the Debtors in their capacity as the exclusive bargaining representatives of former bargaining unit employees, who are also creditors in their own right. *U.S. Truck Co. v. Teamsters*, 89 B.R. 618, 621-623 (E.D. Mich. 1988) (holding that the Teamsters union is the creditor which owns claims arising under the collective bargaining agreement); *see also In re Altair Airlines, Inc.*, 727 F.2d 88, 91 (3d Cir. 1984). The Teamsters and Machinists also have standing to pursue WARN Act claims on behalf of bargaining unit members previously employed by Debtors, for the benefit of those bargaining unit members. *UFCW Union Local 751 v. Brown Grp., Inc.,* 517 U.S. 544, 549 (1996) *citing* 29 U.S.C. § 2104(a)(5); *see also Preston v. Trucking Co. v. Liquidity Sols., Inc.*, 392 B.R. 623, 629 (D. Md. 2008) (WARN Act claims are owned by and belong to individual employees, but the employees' union may prosecute WARN Act claims for the benefit of employees.)

3. Labor unions frequently appear as creditors in bankruptcy cases representing their members with respect to contract and statutory claims. The Teamsters in particular have frequently represented their members with respect to WARN Act claims in bankruptcy proceedings. *See e.g. In re Hertz Corp., et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. 2020), *In re Southern Foods Group, LLC, d/b/a/ Dean Foods Company et al.*, Case No. 19-36313 (DRJ)

---

[1] *Coughlen, et al. v. Yellow Corp., et al.*, Adv. Pro. No. 23-50761 (CTG) (Bankr. D. Del. 2023) *"Plaintiffs' Motion For Appointment Of Interim Co-Lead Counsel, Consolidation Of Cases, And Establishment Of Procedures For Consolidation Of Future-Filed Cases.* [Adv. D.I. 6].

(Bankr. S.D. Tex. 2019), *In re Central Grocers Inc.*, Case. 17-10993-LSS (Bankr. D. Del. 2017), *Consolidated Freightways*, 02-23289-MG (Banrk. C.D. Cal. 2002), *In re Preston Trucking Co.*, Case No. 99–59994–JFS (Bankr. D. Md. 1999).

4. The Teamsters and Machinists appeared in these cases on August 7, 2023,[2] and their counsel was admitted *pro hac vice* on August 9, 2023.[3] As representative of approximately 22,000 former employees of YRC, Inc., USF Reddaway, Inc., USF Holland, LLC, and New Penn Motor Express, LLC, the Teamsters were appointed to the Official Committee of Unsecured Creditors (the "Committee") on August 16, 2023.[4] (The Machinists, representing approximately 150 former employees of YRC, Inc. and USF Holland, LLC, have since been participating as an *ex officio* member of the Committee.) On November 9, 2023, the Machinists filed two proofs of claim on behalf of bargaining unit members and on November 10, 2023, the Teamsters filed four proofs of claim on behalf of bargaining unit members. Both the Teamsters and the Machinists filed proofs of claim asserting State and Federal WARN Act damages on behalf of their members. The Debtors objected to the WARN Act claims asserted by the Teamsters and Machinists on March 12, 2023,[5] and the Teamsters and Machinists responded on March 28, 2023.[6]

5. The *Coughlen et al.*, Plaintiffs filed an adversary complaint on November 13, 2023.[7] On February 19, 2024, the *Coughlen et al.*, Plaintiffs moved this Court to be named

---

[2] D.I. Nos. 26-27.
[3] D.I. Nos. 111-113.
[4] D.I. 269 *Notice Of Appointment Of Committee Of Unsecured Creditors*.
[5] D.I. 2576 *Debtors' Third Omnibus (Substantive) Objections To Proofs Of Claim For Warn Liability*
[6] D.I. 2778 *The International Brotherhood Of Teamsters And Teamsters National Freight Industry Negotiating Committee, And The International Association Of Machinists And Aerospace Workers' Response To Debtors' Third Omnibus (Substantive), Fourth Omnibus (Substantive), And Fifth Omnibus (Substantive) Objections To Proofs Of Claim For Warn Liability*
[7] *Coughlen, et al. v. Yellow Corp., et al.*, Adv. Pro. No. 23-50761 (CTG) (Bankr. D. Del. 2023) [Adv. D.I. 1].

interim class counsel.[8] But appointment of interim class counsel is not necessary for the Union represented employees. Before appointing interim class counsel, a court should be satisfied that such appointment is necessary to protect the interests of the class. Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003). Appointment is proper if "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated." Manual For Complex Litigation (Fourth) § 21.11 (2004). The need for interim class counsel may arise when there is "rivalry or uncertainty" among competing firms. *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757, 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) (*quoting* Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003)). Here, there are no competing claims by counsel to represent the unionized former employees. The named plaintiffs in *Moore et al. v. Yellow Corp., et al.*, Adv. Pro. No. 23-50457 (CTG) (Bankr. D. Del. 2023), ("*Moore et al.*") adversary complaint obviously have counsel, and the putative class in the *Moore et al.* adversary consists solely of **non-union** employees. There is no overlap between the named plaintiffs in the *Coughlen et al.* action and the putative class in the *Moore et al.* action. The only overlap is between the *Coughlen et al.*, Plaintiffs and Union members for whom a proof of claim has been filed. The Teamsters and the Machinists had already filed proofs of claims against the Debtors which asserted WARN Act claims well before the *Coughlen et al.* Plaintiffs filed their adversary complaint. The Teamster and Machinist members are adequately protected by the Teamster and Machinist representation. Even where some individual employees file their own lawsuits to recover WARN Act damages, the union can continue to maintain a WARN Act claim on behalf of its members, unless and until the Court certifies a class that includes such members. *Bonanini v. Kids Behavioral Health of Montana*, 2020 WL 4060263 * 3-4 (D. Mont. 2020).

---

[8] *Plaintiffs' Motion For Appointment Of Interim Co-Lead Counsel, Consolidation Of Cases, And Establishment Of Procedures For Consolidation Of Future-Filed Cases*. [Adv. D.I. 6].

6.      Notably, a labor union's representation of its members through associational standing frees both its members and the estate from the burdens of Fed. R. Civ. P. 23 class certification and settlement procedures. *See generally McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 229 (6th Cir. 2009) (union settlement of WARN Act claims on behalf of members in bankruptcy proceeding binds the members.) *citing Hardy v. Chicago Hous. Auth.,* 189 Fed.Appx. 510, 513 (7th Cir.2006). As the exclusive bargaining representative of their members, the Unions have have *automatic* standing to represent their members in this action, supplied by the language of the WARN Act. 29 U.S.C. § 2104(a)(5). The Unions are *agents* of their members, with the authority to act on their members behalf in pursuit of their statutory and contractual claims against the Debtors. *See McMillan*, 555 F.3d at 230-31. The Teamsters and Machinists are not seeking to pursue members' claims through an adversary proceeding or a class action—and the Teamsters and Machinists' counsel are not competing against any other law firm to represent the members they are *already representing*. Because there are no other attorneys competing to represent the proposed class in the *Coughlen et al.* adversary, appointment of interim co-lead class counsel is unnecessary. *Millett v. Truelink Inc.*, 2006 WL 8459857 * 1 (D. Del. 2006) (appointment of interim class counsel is not necessary when no other lawyers are competing to handle this action); *Berkelhammer v. Automatic Data Processing, Inc.*, 2022 WL 3593855 * 3 (D. N.J. 2022) (Interim counsel is not necessary when two groups seek to represent distinct classes).

7.      Not only are the Teamster and Machinist members' interests fully protected through both Unions' associational standing and filed proofs of claim, the Teamsters and Machinists also do not charge a contingency or other fee from their members to litigate their

WARN Act claims. According to one of the cases cited[9] by the *Coughlen et al.* Plaintiffs, when deciding whom to appoint as interim class counsel, the Court may consider whether the proposed charges of counsel will be reasonable. *In re MF Global Holdings, Ltd.*, 464 B.R. 619, 625 (S.D.N.Y. 2012). In comparison to the potential for full recovery of damages through Teamster and Machinist representation, any contingency or other fee charged to Union members by Hearn Law Firm, PLLC and Morris James LLP to represent a class is unreasonable. And while an individual employee may have the right to obtain individual counsel for the purposes of pursuing their WARN Act claims, employees who have not affirmatively agreed through the execution of a valid retainer agreement that Hearn Law Firm, PLLC and Morris James LLP should represent them for a fee should not be bound to such representation through appointment of interim class counsel. Stated another way—if individual unionized employees wish to use Hearn Law Firm, PLLC, the firm should produce individual retainer agreements for those employees, rather than attempt to represent the entire unionized workforce which is already receiving adequate legal representation at no cost.

8.  Indeed, were this an interim class counsel determination, the outcome prescribed by Fed. R. Civ. P. 23 and followed by this Court would be the dismissal of the *Coughlen et al.* adversary proceeding, as it is a "tag along" that adds no additional benefit. *Id*. at 624 (dismissal of the entirely duplicative proceeding rather than consolidating it with the previously filed proceedings was warranted because no additional benefit would be gained by permitting it to proceed); *accord Frye v. Dig. Domain Media Grp. Inc. (In re Dig. Domain Media Grp. Inc.)*, Adv. Nos. 12–50843 (BLS) & 12–50874 (BLS), 2012 WL 6135353 at *2 (Bankr. D. Del. Dec. 7, 2012) ("No party to this case—especially not the former employees—will be better served by

---

[9] *Plaintiffs' Motion For Appointment Of Interim Co-Lead Counsel, Consolidation Of Cases, And Establishment Of Procedures For Consolidation Of Future-Filed Cases.* [Adv. D.I. 6].

involving five firms in the representation of class plaintiffs in multiple WARN Act proceedings."); *see also In re TransCare Corp.*, 552 B.R. 69, 76 (Bankr. S.D.N.Y. 2016) (same).

9. The Unions also disagree that there is any necessity[10] to consolidate all WARN cases. While some aspects of the underlying liability of the WARN Act may be the same for all WARN claimants, others are not. The *Moore et al.* action concerns employees who received different notices than those received by the unionized employees. This divergence may alter the track and duration that litigation takes, creating no benefit from consolidation at this time. Fed. R. Civ. P. 42(a)(2). An informal coordinated discovery process makes sense for the efficiency and economy of all WARN adversary and contested matters, rather than a rigid consolidation.

10. This Statement is submitted without prejudice to and with a full reservation of the Teamsters' and Machinists' rights, claims, defenses, and remedies regarding their WARN Act claims. The Teamsters and Machinists reserve their right to amend or modify this Statement.

---

[10] *Plaintiffs' Motion For Appointment Of Interim Co-Lead Counsel, Consolidation Of Cases, And Establishment Of Procedures For Consolidation Of Future-Filed Cases.* [Adv. D.I. 6].

| | |
|---|---|
| Dated: April 8, 2024 | LAW OFFICE OF SUSAN E. KAUFMAN, LLC |

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB#3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
T: (302)-472-7420
F: (302)-792-7420
skaufman@skaufmanlaw.com

-and-

Emma M. Woods (admitted *pro hac vice*)
THE PREVIANT LAW FIRM, S.C.
310 W Wisconsin Ave, Suite 100MW
Milwaukee, Wisconsin 53203
Telephone: 414.271.4500
Facsimile: 414.271.6308
emw@previant.com

*Counsel for The International Brotherhood of Teamsters, Teamsters National Freight Industry Negotiating Committee, its affiliated local unions, and their respective bargaining members, and The International Association of Machinists and Aerospace Workers, and its affiliated district lodges, and their respective bargaining members*